KATHRYN C. CURRY (SBN 157099)
TRACY M. TIERNEY (SBN 200537)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Ste 400
Mountain View, CA  94040
Telephone:     (650) 428-3900
Facsimile:      (650) 428-3901
Email:            kcurry@gcalaw.com
                      ttierney@gcalaw.com

Attorneys for Plaintiff,
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA;<br><br>　　　　　　Defendant. | CASE NO.  5:24-cv-00859<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER TO ALLOW PLAINTIFF TO PROCEED UNDER PSEUDONYM**<br>[Local Rule 7-11] |

Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in the form of an order permitting her to proceed under a pseudonym.  Plaintiff, who suffers significant medical problems, and whose medical records reference a brief period of psychiatric treatment to try to learn to cope with the very difficult medical conditions, brings this suit under the Employee Retirement Income Security Act to recover long-term disability ("LTD") benefits due to her under a long-term disability benefit plan sponsored by her former employer and insured by the Defendant  Life Insurance Company of North America ("LINA").

Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted because (1) no prejudice to Defendant or the public will result from Plaintiff's proceeding anonymously, and (2) proceeding under her true name would expose Plaintiff to

- 1 -

**PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM**

harassment, embarrassment, and discrimination due to the necessary disclosure of highly confidential medical information.  To date, Plaintiff has maintained the confidentiality of medical records and issues.

**A.     Legal Standard**

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 108 (9th Cir. 2000).  In particular, nondisclosure of a party's identity is permitted where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation omitted).

Because a significant stigma attaches to persons with psychiatric health problems, no matter how brief or if resolved, and because of the highly sensitive nature of Plaintiff's medical records, which form the basis of her claims, it is necessary to shield Plaintiff's identity to protect her from prejudice, harassment, ridicule, or personal embarrassment. There is no legitimate public interest in connecting Plaintiff's real identity with the highly confidential medical information that the Court must consider in adjudicating her disability claim. In fact, the public interest is best served by allowing Plaintiff to litigate her claim under a pseudonym.

**B.     Defendant Will Not Be Prejudiced**

Allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant LINA, the disability insurer for the group plan.  Defendants can ascertain Plaintiff's identity from the complaint, which pleads Plaintiff's claim number for the purpose of allowing Defendants to identify her. (Doc. 1 at ¶ 4.)  Thus, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to prepare its defense.  Further, this case is a straightforward application of the medical and other documentation contained in the administrative record to insurance policy terms.  Defendant's character and reputation is not at issue, and thus there is no risk that Defendant will be prejudiced by anonymous attacks on its character. *Cf. Doe v. Lepley*, 185 F.R.D., 605, 607 (D. Nev. 1999). Because

Defendant will know Plaintiff's identity and Plaintiff is not attacking Defendant's character or reputation, Plaintiff's legitimate interest in shielding her identity outweighs any potential prejudice to the Defendant.

**C.     The Public Interest Will be Best Served Without Disclosure of Plaintiff's Name**

This is an individual dispute about a personal claim for benefits under a group plan that is insured. The public has no legitimate interest in connecting Plaintiff's real name to the extremely private medical facts that the Court will need to consider in this case. Medical privacy is a core American value protected by numerous federal and state statutes, and preserving mental health privacy in particular is an important policy goal of the federal government.

While the public certainly has an interest in open judicial proceedings, here, that interest is actually better served by allowing Plaintiff to proceed under a fictitious name. First, putting plaintiffs in the position of either abandoning legitimate legal claims or publicly disclosing highly confidential medical information would harm the judicial system and the rule of law as a whole because of the risk that plaintiffs with significant and private medical problems will forego their legal rights in favor of preserving their privacy. Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 199 (2004).

Second, allowing Plaintiff to proceed under a pseudonym and taking other basic measures to ensure that her name is redacted from documents filed in the public record will do away with any need to seal any of the Court's decisions in this case, the other means by which her privacy might be protected. Sealing documents requires extensive court resources and complicates the progress of the litigation, it also deprives the public and other courts from access to the full case record, which may provide valuable information about the application of similar contractual terms to similar medical facts. Plaintiff's real name, on the other hand, has no legitimate value to the public generally or to the courts and their personnel. By using the pseudonym, the parties will be able to openly discuss the

medical evidence in the public record without compromising Plaintiff's medical privacy. Proceeding anonymously thus actually enhances the public's view of the legal and factual issues in this case and the court's performance in resolving them. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Doe v. Unum Life Ins. Co. of Am.,* 2014 WL 1599919, at *2 (E.D. Pa. Apr. 18, 2014)(noting "Doe and Defendants note that Doe is not a public figure and disclosure of her identity would not promote any public interest.")

Because there is no prejudice to the Defendant or the public by allowing Plaintiff to proceed under a pseudonym, and because Plaintiff has an exceptional need for privacy in light of the specific medical facts at issue in this case, the Court should grant Plaintiff's motion and issue the summons.

Dated:  February 13, 2024		GCA LAW PARTNERS LLP

By: /s/  Kathryn C. Curry
    KATHRYN C. CURRY
    TRACY M. TIERNEY
    Attorneys for Plaintiff
    JANE DOE

**PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM.**